James A. Keller (NJ I.D. #020991996)
SAUL EWING ARNSTEIN & LEHR LLP
650 College Road East
Suite 4000
Princeton, NJ 08540-6603
(609) 452-3100

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.S., <br><br>         Plaintiff, <br><br> v. <br><br> STEVAN HARNAD, PRINCETON UNIVERSITY, THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1-5, JOHN DOES 1-5, AND ABC ENTITY 1-5, <br><br>         Defendants. | No. _____ |

## NOTICE OF REMOVAL

Defendant The Trustees of Princeton University, also incorrectly named as "Princeton University" (the "University"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq*.  The grounds for removal are as follows:

1.     Plaintiff commenced this action against the University, defendant Stevan Harnad, and numerous fictitious and unnamed defendants, by filing a civil action complaint on October 26, 2021 in the Superior Court of New Jersey, Law Division, Mercer County. Plaintiff filed a corrected complaint on November 2, 2021.  That matter is captioned as **MER-L-002213-21**, and a copy of the Corrected Complaint ("Complaint") is attached to this Notice as **Exhibit A**.

2.     As pled in the Complaint, Plaintiff "N.S.." is a California citizen.  The Trustees of Princeton University and "Princeton University" are New Jersey citizens.   No citizenship information is pled for Stevan Harnad, although it is alleged that he was a student and employee

at the University in New Jersey at some point in time. Complaint, ¶ 3. No citizenship information is pled regarding the fictitious defendants.

3.    On the face of the Complaint, then, the Plaintiff is a citizen of a different state than the Defendants.

4.    While the Plaintiff does not plead a specific dollar demand in the Complaint, she alleges that she was sexually assaulted while a minor on "numerous occasions", was "seriously and permanently injured", has been forced to seek counseling, and has suffered "great mental anguish, stress, anxiety, depression, emotional distress, humiliation, pain and psychological health problems. Complaint, ¶ 7. She seeks damages, interest, attorney's fees, costs of suit, and punitive damages. See, e.g., Complaint at Sixth Count, WHEREFORE clause. Read objectively, this Complaint seeks damages in excess of $75,000.

5.    As this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, this Court has original jurisdiction over the matter based on diversity of citizenship. 28 U.S.C. § 1332.

6.    Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.    Pursuant to 28 U.S.C. § 1441, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2) (emphasis added).

-2-

8.      The Complaint has not been served on the University or any other party. A copy of the docket from the state court proceedings in this matter as of the time of the filing of this Notice is attached as **Exhibit B**.

9.      As a result, the provisions of 28 U.S.C. § 1441(b)(2), commonly referred to as "the forum defendant rule," are inapplicable to the instant matter.  The University, although a New Jersey citizen, has not been "properly joined ***and served***" in the state court action. *See* 28 U.S.C. § 1441(b)(2); <u>Encompass Ins. Co. v. Stone Mansion Restaurant Inc.,</u> 902 F.3d 247, 153-54 (3d Cir. 2018) (holding that removal to federal court was appropriate where defendant's notice of removal was filed prior to accepting service in the state court action).

10.     This Notice of Removal is being filed within thirty (30) days of the filing of the Complaint and within one year of the commencement of the action, and therefore is also timely under 28 U.S.C. § 1446(b).

11.     A true and correct copy of this Notice will be promptly filed with the Superior Court of New Jersey, Law Division, Mercer County, pursuant to 28 U.S.C. § 1446(d).

12.     Finally, a copy of this Notice is being promptly served on Plaintiff, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendant The Trustees of Princeton University respectfully requests that Plaintiff's civil action be removed from the Superior Court of New Jersey, Law Division, Mercer County to the United States District Court for the District of New Jersey.

Respectfully submitted,

/s/ James A. Keller
SAUL EWING ARNSTEIN
& LEHR LLP
650 College Road East
Suite 4000
Princeton, NJ 08540-6603
James.Keller@saul.com
(609) 452-3100

Dated:  November 8, 2021

-4-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served today on the following via electronic mail and first class mail, postage prepaid, addressed as follows:

Michael B. Zerres, Esq.
Blume, Forte, Fried, Zerres & Molinari
One Main Street
Chatham, NJ 07974
mzerres@njatty.com


/s/ James A. Keller

Dated: November 8, 2021                                    James A. Keller

# Exhibit A

Blume, Forte, Fried, Zerres & Molinari
By:  Michael B. Zerres, Esq. - ID #010351988
One Main Street
Chatham, New Jersey 07928
(973) 635-5400
Attorneys for Plaintiff

---

| | |
|---|---|
| N.S.,<br><br>              Plaintiff(s),<br><br>       vs.<br><br>STEVAN HARNAD, PRINCETON UNIVERSITY, THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1-5 (a series of fictitious names representing school employees, administrators, teachers, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S., JOHN DOES 1-5 (a series of fictitious names representing school employees, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S.) and ABC ENTITY 1-5 (a class of fictitiously named defendants representing the class of as yet unknown entities affiliated or connected in any manner with the defendants in this matter responsible for the assaults on plaintiff, N.S.),<br><br>              Defendant(s) | :SUPERIOR COURT OF NEW JERSEY<br>:LAW DIVISION:  MERCER COUNTY<br>:DOCKET NO.: MER-L-2213-21<br>:<br>:<br>:<br>:           Civil Action<br>:<br>:  **CORRECTED COMPLAINT,**<br>:      **JURY DEMAND,**<br>: **DESIGNATION OF TRIAL COUNSEL**<br>:      **AND CERTIFICATION** |

Plainiiff, N.S., currently residing in zip code area 90066 in Los Angeles County, California, by way of Complaint says:

## PREFATORY ALLEGATIONS

Plaintiff proceeds by initials due to the subject matter of this action and, upon receipt of an assigned docket number, will move for the Court's permission to continue this action under seal with the use of initials under R. 1:4-L and consistent with the requirements of. *Doe v. Tris Comprehensive Mental Health, Inc.,* 298 N.J. Super. 677 (Law Div. 1996) and *Doe v. XYZ Corp.,* 382 N.J. Super. L22 (App. Div. 2005).

## FIRST COUNT

1. From 1970 through 1972 and at all times mentioned herein, plaintiff, N.S., then a minor, was residing in Princeton, New Jersey.

2. This action is brought pursuant to the New Jersey Child Victims Act ("CVA") (N.J.S.A 2A:14-2b) and the Child Sexual Abuse Act ("CSAA") (N.J.S.A. 2A:61B-1)

3. In 1970 through 1972, and at all times mentioned herein, defendant STEVAN HARNAD, was a student enrolled at and was further employed by defendant, PRINCETON UNIVERSITY.

4. At all times mentioned herein, defendant, PRINCETON UNIVERSITY, was owned, administered and operated by the defendant, THE TRUSTEES OF PRINCETON UNIVERSITY.

5. At the time aforesaid, defendants PRINCETON UNIVERSITY, THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1-5 (a series of fictitious names representing school employees, administrators, teachers, agents, directors, officers and personnel directly and/or indirectly responsible for the assaults on plaintiff, N.S.), JOHN DOES L-5 (a series of fictitious names representing school employees, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S.) and ABC ENTITY. 1-5 (a class of fictitiously named defendants representing the class of as yet unknown entities affiliated or connected in any manner with the defendants in this matter responsible for the assaults on plaintiff, N.S.) appointed STEVAN HARNAD as a student teacher, teaching assistant, and/or research assistant.

6. From 1970 through 1972, while N.S. was a minor, defendant, STEVAN HARNAD while on campus of Princeton University groomed N.S., while in the course and scope of his employment, and further intentionally, maliciously, carelessly, recklessly and/or negligently engaged in sexual contact and assaults with and upon the plaintiff.

7. As a result of the actions and inactions of the defendants, the plaintiff, N.S., was sexually assaulted on numerous occasions, was seriously and permanently injured, and was compelled and continues to undergo great expense in procuring psychological services in endeavoring to

effect a cure of relief for her said psychological injuries and has suffered and will continue to suffer great mental anguish, stress, anxiety, depression, emotional distress, humiliation, pain and psychological health problems in the future.

8. Defendants, PRINCETON UNIVERSITY and THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1-5 (a series of fictitious names representing school employees, administrators, teachers, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S.), JOHN DOES 1-5 (a series of fictitious names representing school employees, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S.) and ABC ENTITY. 1-5 (a class of fictitiously named defendants representing the class of as yet unknown entities affiliated or connected in any manner with the defendants in this matter responsible for the assaults on plaintiff, N.S.)were "passive sexual abusers" with the meaning of CSAA and as such, are directly responsible for the injuries, damages and losses suffered by the plaintiff herein.

WHEREFORE, plaintiff demands judgment against all defendants, together with interest, attorney's fees, and costs of suit.

### SECOND COUNT

1. Plaintiff repeats and reiterates each and every allegation of the First Count as if fully set forth herein at

length.

2. At all times mentioned herein, defendant STEVAN HARNAD was employed by or otherwise working for the defendants, PRINCETON UNIVERSITY, THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1—5 (a series of fictitious names representing school employees, administrators, teachers, agents, directors, officers and personnel responsible for the sexual assaults and other reckless, careless and intentional acts upon plaintiff, N.S.), JOHN DOES 1-5 (a series of fictitious names representing school employees, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S.) and ABC Entity 1-5 (a class of fictitiously named defendants representing the class of as yet unknown entities affiliated or connected in any manner with the defendants in this matter responsible for the sexual assaults and other reckless, careless and intentional acts upon the plaintiff, N.S.).

3. At all times herein, defendants PRINCETON UNIVERSITY, THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1-5 (a series of fictitious names representing school employees, administrators, teachers, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S.), JOHN DOES 1-5 (a series of fictitious names representing school employees, agents, directors, officers and personnel responsible for the assaults on

plaintiff, N.S.) and ABC ENTITY. 1-5 (a class of fictitiously
named defendants representing the crass of as yet unknown
entities affiliated or connected in any manner with the
defendants in this matter responsible for the assaults on
plaintiff, N.S.) did negligently and carelessly screen, hire,
retain, train and supervise the defendant, STEVAN HARNAD.

4.   Further, said defendants knew or reasonably should have
known about defendant, STEVAN HARNAD, propensity for pedophilia,
his inappropriate behavior towards minors, his use of the campus
facilities and offices to groom minor children and his
likelihood to commit sexual assaults, and other careless,
reckless, and intentional acts on them.

5. At all times mentioned herein, defendants PRINCETON
UNIVERSITY, THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1-5
(a series of fictitious names representing school employees,
administrators, teachers, agents, directors, officers and
personnel responsible for the assaults on plaintiff, N.S.), JOHN
DOES 1-5 (a series of fictitious names representing school
employees, agents, directors, officers and personnel responsible
for the assaults on plaintiff, N.S.) and ABC ENTITY. 1-5 (a
class of fictitiously named defendants representing the class of
as yet unknown entities affiliated or connected in any manner
with the defendants in this matter responsible for the assaults
on

plaintiff, N.S.) were obligated to properly hire, retain, train, screen, instruct, supervise and discipline their staff so as to provide a safe environment for minors such as the plaintiff, N.S., who along with other minors, were invited, permitted and allowed to openly gather, stay and participate in events on campus.

6. Defendant PRINCETON UNIVERSITY was owned, operated, controlled, supervised and managed by the defendants, THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1-5 (a series of fictitious names representing school employees, administrators, teachers, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S.), JOHN DOES 1-5 (a series of fictitious names representing school employees, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S.) and ABC ENTITY. 1--5 (a class of fictitiously named defendants representing the class of as yet unknown entities affiliated or connected in any manner with the defendants in this matter responsible for the assaults on plaintiff, N.S.)

7. Notwithstanding said duties and responsibilities, defendants, PRINCETON UNIVERSITY, THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1-5 (a series of fictitious names representing school employees, administrators, teachers, agents, directors, officers and personnel responsible for the assaults

on plaintiff, N.S., JOHN DOES 1-5 (a series of fictitious names representing school employees, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S.) and ABC ENTITY 1-5 (a class of fictitiously named defendants representing the class of as yet unknown entities affiliated or connected in any manner with the defendants in this matter responsible for the assaults on plaintiff, N.S. breached said duties causing plaintiff, N.S., to sustain psychological injuries and she will continue to suffer great mental anguish, stress, anxiety, depression, emotional distress, humiliation, pain and psychological health problems.

WHEREFORE, plaintiff demands judgment against the defendants, together with interest and costs of suit.

### THIRD COUNT

1. Plaintiff repeats and reiterates each and every allegation of the previous counts as if set forth at length herein.

2. Defendant, STEVAN HARNAD, was at all times herein mentioned an employee, servant and/or agent of the aforementioned defendants, PRINCETON UNIVERSITY, THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1-5 (a series of fictitious names representing school employees, administrators, teachers, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S., JOHN DOES 1-5 (a series of

fictitious names representing school employees, agents,
directors, officers and personnel responsible for the assaults
on plaintiff, N.S.) and ABC ENTITY 1-5 (a class of fictitiously
named defendants representing the class of as yet unknown
entities affiliated or connected in any manner with the
defendants in this matter responsible for the assaults on
plaintiff, N.S.)

3. At the aforementioned time and place, defendant, STEVAN
HARNAD negligently and/or intentionally caused injury to the
plaintiff, N.S., by his malicious, improper, unauthorized and/or
illegal conduct.

4. As such, PRINCETON UNIVERSITY, THE TRUSTEES OF PRINCETON
UNIVERSITY, JANE DOES 1-5 (a series of fictitious names
representing school employees, administrators, teachers, agents,
directors, officers and personnel responsible for the assaults
on plaintiff, N.S., JOHN DOES 1-5 (a series of fictitious names
representing school employees, agents, directors, officers and
personnel responsible for the assaults on plaintiff, N.S.) and
ABC ENTITY 1-5 (a class of fictitiously named defendants
representing the class of as yet unknown entities affiliated or
connected in any manner with the defendants in this matter
responsible for the assaults on plaintiff, N.S.),are vicariously
liable under principles of respondeat superior.

5. As a direct and proximate result of said conduct, the

plaintiff, N.S., was sexually assaulted on numerous occasions and was caused to suffer serious, permanent, and disabling injuries, great, pain and suffering, medical expenses, emotional distress and will continue to suffer same into the future.

WHEREFORE, plaintiff demands judgment against all defendants, together with interest, attorney's fees and costs of suit.

### FOURTH COUNT

1. The plaintiffs repeat and reiterate each and every allegation of the previous Counts as if set forth at length herein.

2. The defendants, PRINCETON UNIVERSITY, THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1-5 (a series of fictitious names representing school employees, administrators, teachers, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S., JOHN DOES 1-5 (a series of fictitious names representing school employees, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S.) and ABC ENTITY 1-5 (a class of fictitiously named defendants representing the class of as yet unknown entities affiliated or connected in any manner with the defendants in this matter responsible for the assaults on plaintiff, N.S.), had a duty to make the premises at is campus reasonably safe for minors from the community, which were openly

invited, encouraged  to attend, gather, stay and participate in events on campus. Said defendants also had a duty to provide proper and adequate campus security and protect students and visitors from improper, negligent and intentional conduct like that of the defendant, STEVAN HARNAD.

3.  Said defendants, were careless and negligent, and, breached said duty allowing defendant, STEVAN HARNAD, to groom plaintiff, N.S., and facilitate his malicious, improper, unauthorized and illegal assaults on the plaintiff, N.S.

WHEREFORE, plaintiff demands judgment against all defendants, together with interest, attorney's fees and costs of suit.

## FIFTH COUNT

1. Plaintiff repeats the allegations each and every allegation of the previous Counts as if set forth at length herein.

2. Defendant, STEVAN HARNAD, also engaged in other intentional and reckless conduct so as to cause severe emotional distress to the plaintiff, N.S.

3.  The defendants, PRINCETON UNIVERSITY, THE TRUSTEES OF PRINCETON UNIVERSITY, JANE DOES 1-5 (a series of fictitious names representing school employees, administrators, teachers, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S., JOHN DOES 1-5 (a series of fictitious names

representing school employees, agents, directors, officers and personnel responsible for the assaults on plaintiff, N.S.) and ABC ENTITY 1-5 (a class of fictitiously named defendants representing the class of as yet unknown entities affiliated or connected in any manner with the defendants in this matter responsible for the assaults on plaintiff, N.S.),are further liable for the aforesaid intentional and reckless conduct of STEVAN HARNAD, which said defendant facilitated.

WHEREFORE plaintiff demands judgment against all defendants together with interest, attorney's fees and costs of suit.

### SIXTH COUNT

1. Plaintiff repeats and reiterate each and every allegation of the previous Counts as if set forth at length herein.

2. The actions of all the defendants referred to herein were wilful, malicious and grossly negligent, as a result of which plaintiff, N.S., sustained injuries, damages and losses as aforesaid, emotional damages and embarrassment, and as a result of which plaintiff is entitled to an award of Punitive Damages pursuant, to N.J.S.A. 2A:15-5.2 et seq. and N.J.A.C. 30:13-4.2, et seq.

WHEREFORE, plaintiff demands judgment against all defendants for damages, punitive damages, exemplary damages, together with interest, attorney's fees and costs of suit.

### SEVENTH COUNT

1. Plaintiff repeats and reiterates each and every allegation of the previous Counts as if fully set forth herein at length.

2. At the time aforesaid, the defendant, STEVAN HARNAD, maliciously and/or negligently sexually assaulted the plaintiff, N.S., then a minor.

3. As a result of the said sexual assault, the plaintiff, N.S., was seriously and permanently injured, and was compelled to undergo great expense in procuring medical services and supplies in endeavoring to effect a cure or relief for her said injuries and has suffered and will continue to suffer great mental anguish, stress, anxiety, depression, humiliation, pain and psychological health problems.

WHEREFORE, plaintiff demands judgment on this Count against the defendants, for damages, interest and costs of suit.

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues involved herein.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, MICHAEL B. ZERRES, ESQ., has been designated as trial counsel in the above matter.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration proceeding contemplated, except as follows: one other action simultaneously filed herewith: M.C. v. STEVAN HARNAD, et als. Superior Court of New Jersey, Law Division, Mercer County. All parties known to plaintiffs at this time who should have been joined in this action, have been joined.

**BLUME, FORTE, FRIED, ZERRES &
MOLINARI**
Attorneys for Plaintiff(s)

By: _____
MICHAEL D. ZERRES

DATED:  November 2, 2021

# Exhibit B

## Case Summary

**Case Number:** MER L-002213-21

**Case Caption:**  S N  Vs Harnard Stevan

| | | |
|---|---|---|
| **Court:**  Civil Part | **Venue:**  Mercer | **Case Initiation Date:**  10/26/2021 |
| **Case Type:**  Assault And Battery | **Case Status:**  Active | **Jury Demand:**  6 Jurors |
| **Case Track:** 3 | **Judge:**  Anthony M Massi | **Team:**  8 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:**  0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:**  0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:**  0 |
| **Disposition Date:** | **Case Disposition:**  Open | **Statewide Lien:** |

**Plaintiffs**

**N  S AKA  N.S.**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Michael B Zerres |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 010351988 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** VCASTRO@NJATTY.COM | | |

**Defendants**

**Princeton University**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Stevan  Harnard**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Abc Entity 1-5**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**John Does 1-5**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Jane Does 1-5**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**The Trustees Of Princeton Univ AKA  The Trustees Of Princeton University**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Case Actions**

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 10/26/2021 | Complaint with Jury Demand for MER-L-002213-21 submitted by ZERRES, MICHAEL B, BLUME FORTE FRIED ZERRES & MOLINARI on behalf of N S against STEVAN HARNARD, PRINCETON UNIVERSITY, THE TRUSTEES OF PRINCETON UNIV, JANE DOES 1-5, JOHN DOES 1-5 ET AL. | LCV20212497757 | 10/26/2021 |
| 10/27/2021 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20212501348 | 10/27/2021 |
| 11/02/2021 | DEFICIENCY CORRECTION submitted by ZERRES, MICHAEL, B of BLUME FORTE FRIED ZERRES & MOLINARI on behalf of N.S. against PRINCETON UNIVERSITY, STEVAN  HARNARD, ABC ENTITY 1-5, JOHN DOES 1-5, JANE DOES 1-5 ET AL. | LCV20212555376 | 11/02/2021 |