## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**BLUME, FORTE, FRIED, ZERRES & MOLINARI, P.C.**
One Main Street
Chatham, New Jersey 07928
(973) 635-5400
Michael B. Zerres, Esq. (010351988)
Richard T. Madurski, Esq. (319962021)
Attorneys for Plaintiff

| | |
|---|---|
| N.S.,<br><br>Plaintiff,<br><br>vs.<br><br>STEVAN HARNAD, THE TRUSTEES OF PRINCETON UNIVERSITY, JOHN DOE 1-5 (a series of fictitious names representing yet unidentified school safety personnel, campus safety department employees, proctors, police and administrators, and faculty who witnessed STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of plaintiff while on the PRINCETON UNIVERSITY campus, or, w), JAMES ROE 1-5 (a series of fictitious names representing yet unidentified school personnel and employees who had a supervisory or oversight role over defendant Harnad, and who failed to take necessary precautions to prevent such crimes and/or abuse of the then minor plaintiff), and, ABC ENTITY 1-5 (a class of fictitiously named Defendants representing yet unknown entities who provided safety, police and protections services at PRINCETON UNIVERSITY)<br><br>Defendant(s) | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>DOCKET NO.:<br>3:21-cv-19820-(GC)(LHG)<br><br>Civil Action<br><br><br><br>**AMENDED COMPLAINT** |

Plaintiff, N.S., currently residing in Los Angeles, California by way of Complaint says:

### JURISDICTION AND VENUE

1. Plaintiff, N.S., is a citizen of California.

2. Defendants are citizens of Quebec, Canada and New Jersey, respectively.

3. The amount in controversy, without interests and costs, exceeds $75,000.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

4.  This action was originally filed in the Superior Court of New Jersey, Mercer County, but was removed to the United States District Court, District of New Jersey, by Defendant pursuant to 28 U.S.C. §§ 1332 and 1441 et seq. on or about November 8, 2021.

5.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

1.  Plaintiff, N.S. is a resident of Los Angeles, California.

2.  Defendant, Trustees of Princeton University, which owned, managed, administered and operated Princeton University during all relevant time periods, has a primary place of business at 1 Nassau Hall, Princeton, New Jersey 08544.

3.  Defendant, Stevan Harnad, resides at 1100, Docteur-Penfield Avenue, #1512, Montreal, Quebec, Canada, H3A 1A8.

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

Plaintiff proceeds by initials due to the subject matter of this action, and as identification poses a risk of mental harm, harassment, ridicule, and/or personal embarrassment.[1]

In June 1970, Defendant, the Trustees of Princeton University (the University) whilst operating Princeton University instituted an "Open Campus" policy after it was a closed campus for 65 years prior.  The people of the town of Princeton were now invited to gather

---

[1] As outlined in N.J.S.A. 2A:61B-1(f)(1), in actions under the Child Sexual Abuse Act: "the name, address, and identity of a victim or a defendant shall not appear on the complaint or any other public record as defined in P.L.1963, c.73 (C.47:1A-1 et seq.).  In their place initials or a fictitious name shall appear."

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

freely on the campus day or night.  (See, Exhibit A: "University Gates Open," Town Topics, June 11, 1970).

Weeks after the new policy opening the campus to the public, a one ten-day period a night time curfew was implemented as a result of increased crime on campus.  Leslie L. Vivian, Director of Community and Regional Affairs at Princeton University stated "[t]he decision to impose any limitation on night time use of the front campus was made reluctantly."  He said, "because of the pleasure people derive from sitting with friends on the front campus, and because of the scarcity of other gathering places in Princeton, especially for teenagers."  Hence, without question, minors were invited and encouraged to openly gather and loiter unsupervised on the campus.  (See, Exhibit B: "Campus Open Again", Town Topics, September 1970; Exhibit C: "New Hope on Nassau Street," The Rotarian, Vol. 117, No October 4, 1970).

Just weeks following the announcement of the opening of the campus, the Plaintiff, N.S., a fatherless 14- year-old, tender aged minor, and her peers, who resided in Princeton Township entered the open Main Gate on Nassau Hall to socialize on the Lawn of the campus. The first encounter the then-14-year-old female Plaintiff had with the adult male Defendant Harnad was when she witnessed her 11-year-old sister and her peers leaving the Student Union together with Defendant Harnad.  The Plaintiff was immediately suspicious of a male adult graduate student who was "hanging out" with prepubescent girls, and who appeared to target her little sister while walking closely together, conversing, and laughing.  The Plaintiff confronted Defendant, and demanded he stop "hanging around" her sister.

Soon after, in the days that followed, the Plaintiff, N.S., was alone waiting for her peers to join her on the campus lawn.  The Defendant, Harnad, an agent of the University, approached the Plaintiff, and asked if he could sit, to which she replied, "it's a free country" (GROOMING STAGE 1- Targeting a Victim).  Following small talk, the Defendant offered to

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

buy her anything she wanted for lunch at the student union.  The Plaintiff attempted to resist, but the Defendant was insistent.  As they walked toward the open gate, the Defendant asked Plaintiff if she was a "virgin."  At 14-years-old, the Plaintiff, N.S., was naturally shocked by the question and quickly told him the truth, that she was indeed a virgin.  The Defendant told the Plaintiff he was delighted because he could not "be with her" if she was not a virgin.  The Plaintiff understood that to mean he wanted to be her "boyfriend" and have sex with her.

The Defendant approached and stalked the Plaintiff relentlessly on campus in plain sight.  Defendant Harnad became a daily presence, mingling among the Plaintiff and her peers, as well as the Plaintiff's 11-year-old sister and her peers, on the front campus lawn and in the student union.  The Defendant portrayed himself as someone who cared for the Plaintiff like a father-figure.  The Defendant repeatedly told the Plaintiff, N.S., that she was "special" and a "nymphet," as defined in the novel by V. Nabokov, "Lolita," which describes females between the ages of nine and fourteen who are sexually attractive (GROOMING STAGES 2 & 3 The Bond, Gaining Trust + Fulfilling a Need).  The Defendant gained the trust and fulfilled the need as a father-figure following the Plaintiff loss of her own father who had unexpectedly died the previous year.

The Defendant Harnad had full access to a private office as well as classrooms at the Psychology Department at Princeton University.  The Plaintiff, N.S., and other underaged girls, including her 11-year-old sister, were enticed to gather in a vacant classroom on campus to be hypnotized by said Defendant.  During the "hypnosis game," the girls and others were instructed to lay down onto the floor, close their eyes, and use their imaginations while listening closely to what he referred to as the "induction."  The pre-teens were encouraged to compete with each other to win the "game" by becoming the best hypnosis "subject," by going into a deep hypnotic trance and following all of Defendant Harnad's "suggestions."

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

On one such occasion, the Plaintiff was instructed to sit on a chair, while the other minor children were seated together on the floor to watch the induction. After approximately twenty minutes of hypnotizing the Defendant Harnad with the Plaintiff's eyes closed, suggested to her she would laugh upon opening her eyes. He also suggested that the Plaintiff would not remember a word of what had been suggested while she was under the influence of hypnosis. The Plaintiff was asked to open her eyes, and when she did, she laughed as if on cue, which in turn all the girls in the room laughed. The Defendant asked if the Plaintiff recalled anything said while in hypnosis, by which she declared she had absolutely no memory of the event. The Plaintiff, N.S., believed she had won the game as a strong "subject." Again, the Defendant told the Plaintiff she was special.

After carefully establishing trust, Defendant Harnad isolated the Plaintiff and her sister from their peers. He invited the sisters to his office where he provided marijuana and physical affection, such as sitting on his lap or holding hands. He taught the Plaintiff and her sister the difference between a platonic way of holding hands (folding palms together) and the way lovers hold hands (interlocking fingers). The Defendant, an agent, routinely held hands, interlocking fingers, with the Plaintiff, N.S., and her sister, sometimes simultaneously on campus and in plain sight of university staff. The Defendant also routinely bought snacks and meals for the Plaintiff and her sister at the student union.

Grooming is a crime of a sexual nature. This crime continued on campus in plain sight for 18 months of the Proctors (Campus Police) faculty, students, employees, administrators, N.S. 's sister, Plaintiff N.S., and other minor children. Defendant Harnad also drove Plaintiff, her little sister, and peers in his car, a 1970's Ford Maverick, to his apartment to gain their trust. Activities consisted of taking turns steering the Defendant's car, as well as hypnosis games, cooking, eating, snacking, and smoking marijuana. After trust was established, the Defendant isolated the Plaintiff and her sister by no longer allowing their peers to come along

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

to his apartment. The Defendant isolated the Plaintiff, N.S., and her sister for the purpose of molesting and sexually abusing them, separately "taking turns" in the Defendant's bedroom. (GROOMING STAGES 4 & 5 ISOLATING AND SEXUALLY ABUSING THE CHILD)

The sexual abuse that took place in the bedroom, included, but not limited to, the Defendant removing all clothing of himself and stripping the Plaintiff N.S. (full nudity), gazing and touching of the Plaintiff's breasts, buttocks, vagina, along with the Defendant ultimately spreading the Plaintiff's legs to gaze at her genitals and perform digital and oral penetration and clitoris stimulation (cunnilingus) to induce sexual arousal and orgasm of the Plaintiff and himself. The Defendant told the Plaintiff the number of orgasms he could induce on her in a single session was a "game."

Additionally, the Defendant sexually stimulated and digitally penetrated both the Plaintiff, N.S., and her 11-year-old sister simultaneously, while lying on the living room floor on each side, under a blanket and under their clothes, pretending to watch TV. (GROOMING STAGE 6: MAINTAINING CONTROL & SECRECY).

As stated, Defendant Harnad's crimes of a sexual nature and sexual abuse became routine on and around campus continuously for an eighteen-month period. Once trust and isolation were established, he drove the Plaintiff from campus to his residence and back again on a regular basis for the sole purpose of sexually assaulting the Plaintiff and her sister. Plaintiff was forced to watch her 11-year-old sister routinely being molested and was induced to keep the sexual abuse a secret to protect the Defendant from legal scrutiny and criminal prosecution as stated by the Defendant.

The campus police (known as Proctors) were present and openly witnessed the red flags and visible grooming behavior over an eighteen-month period. It became clear the proctors were keenly aware of the visible grooming of a sexual nature as they questioned the Plaintiff, N.S., on many occasions if the Defendant was her so-called "boyfriend." In spite of

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

this apparent awareness, there were no preventive measures put in place, no safety protocols or policies, no known investigation, or steps to intervene despite the open visible predatory behavior of the Defendant.

After eighteen consecutive months of physical, sexual, psychological, mental, and emotional abuse, the Plaintiff, N.S., intervened in Defendants' abuse directly following her sister's refusal to further engage with the perpetrator. Subsequently, Defendant Harnad sexually focused fully on the Plaintiff. He secretly entered the family home through the basement door in the rear of the house and entered the Plaintiff's bedroom. He laid on top of the Plaintiff in a sexual manner, repeatedly claiming he loved her. As Defendant Harnad pushed his tongue into her mouth and began to remove her clothes, the Plaintiff experienced involuntary paralysis of her entire body. The Plaintiff, N.S., was unable to move or speak for approximately 60-90 seconds. When she regained muscle and vocal control, she curled up into the fetal position, she burst into tears and screamed. Fearing he had been caught, Defendant Harnad hurriedly left through the basement door.

Grooming is a crime of a sexual nature. This crime continued on campus for 18 months in plain sight of the Proctors (Campus Police) faculty, students, employees, administrators, Plaintiff N.S., Plaintiff's sister, and other minor children. Defendant Harnad picked up Plaintiff N.S. in his gold Maverick automobile, from campus and drove her to his residence for the purpose of isolating Plaintiff N.S. in order to sexually abuse her (GROOMING STAGES 4 & 5 ISOLATING AND SEXUALLY ABUSING THE CHILD). On multiple occasions Defendant Harnad enticed Plaintiff N.S. to steer his vehicle to make her feel special. The grooming continued for a long period of time, i.e., for approximately 18 months, on campus. The grooming activities on campus never stopped, even after the occurrence of multiple sexual assaults.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

While Defendant Harnad's willful and wanton sexual abuse continued, Plaintiff N.S. was regularly sexually assaulted by Defendant Harnad. Defendant Harnad digitally penetrated Plaintiff N.S.'s vagina and stimulated her clitoris. Defendant Harnad sexually molested Plaintiff N.S. by touching and stimulating her clitoris and penetrating her vagina repeatedly. Furthermore, Defendant Harnad digitally penetrated both Plaintiffs' vaginas and stimulated their clitorises simultaneously making them witnesses of each other's sexual abuse on at least one occasion.

Grooming is the visible part of crimes of a sexual nature and the sexual assault is typically the invisible part. However, in these Plaintiffs' cases, the sexual abuse was made visible for her sister and vice versa.

As it relates to the Trustees, its University employees and agents, including Campus Police, referred to as "Proctors," regularly observed Plaintiff N.S. in the presence of Defendant Harnad and his grooming of Plaintiff N.S. Based upon the frequency of these activities and actions by Defendant Harnad, easily on hundreds of occasions over the entire 18-month period, these inappropriate grooming tactics by Defendant Harnad, an adult male, who represented himself as a Professor like figure on campus, was or should have been noticed by the Proctors; yet nothing was done by them to stop it. The red flags and notice were present. Defendant Harnad's grooming behaviors were open, obvious, and noticeable. The Plaintiff, N.S. clearly recalls that the Proctors did ask her on more than one occasion what kind of relationship she had with Defendant Harnad, but there was no follow-up, intervention or investigation as to why this adult man was infiltrating the groups of children on campus on a frequent almost daily basis. There was no form of prevention in place (safety protocols or policies) designed to intervene and stop behavior such as Defendant Harnad's.

Trustees of Princeton University's employees or agents, despite having knowledge, or despite the fact that they should have had knowledge, of Defendant Harnad's propensity for

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

pedophilia, and use of the University's campus and facilities to commit the acts alleged herein, allowed Defendant Harnad to perpetuate the aforesaid acts and crimes of a sexual nature against the then minor Plaintiff, N.S. The University further also failed to initiate any safety procedures, precautions, protocols, or policies when opening its campus up to minors.

The ongoing predatory behavior of Defendant Harnad, an adult male, sitting, talking, walking with the Plaintiff N.S. in the walkways on campus, and then transporting her in his Maverick to and from campus to his residence and then back again, without any protection from the University, furthered the sexual abuse and sexual abuse frequency.

Defendant Harnad's grooming of Plaintiff, N.S. for the purpose of sexually abusing her lasted for eighteen months and continued persistently and conspicuously on the University campus. The grooming includes but not limited to acts of intoxicating N.S., psychologically manipulating N.S., hypnotizing N.S., exposing her to sexually explicit discussions and teachings that included unwanted touching in plain sight on the University Campus. These acts in plain view occurred in front of Nassau Hall, inside Defendant Harnad's office and classrooms in the psychology department, in front of the Fountain of Freedom, campus cafeteria, and campus walkways on the University campus.

It was Plaintiff N.S.'s sanctioned presence on the premises of the University that put her in harm's way and caused her permanent lifelong psychological and emotional damage. As well as life-long physical ailments in later years in life. Therefore, Plaintiff is entitled relief for the above acts and omissions based on the further allegations set forth herein.

Plaintiff brings this lawsuit pursuant to the New Jersey's Victim's Rights Bill, which revived the previously time-barred claims arising from sexual abuse for a limited time. Plaintiff has sufficiently alleged a claim that is revived under the Victims' Rights Bill, and nothing more is required at the pleading stage.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

As set forth more fully herein, negligence, gross negligence, recklessness, and/or punitive behavior of the Defendants, jointly and severally, was a direct and proximate cause of harm and damages to the Plaintiff.

Plaintiffs' injuries and/or damages were caused solely by negligence, gross negligence, recklessness, and/or punitive behavior of the Defendants, as set forth more fully herein, and were not caused or contributed thereto by any negligence, gross negligence, recklessness, and/or punitive behavior on the part of the Plaintiff.

**FACTUAL ALLEGATIONS AS TO EACH DEFENDANT**

**FIRST COUNT- STEVAN HARNAD – CRIMES OF A SEXUAL NATURE, SEXUAL
ABUSE, SEXUAL ASSAULT**

1. From 1970 through 1972 and at all times mentioned herein, Plaintiff, N.S., then a minor, was a resident of Princeton, New Jersey.

2. This Count against STEVAN HARNAD is brought pursuant to provisions of the New Jersey Child Victims Act ("CVA") (N.J.S.A 2A:14-2b) and the Child Sexual Abuse Act ("CSAA") (N.J.S.A. 2A:61B-1).

3. More specifically, this action is brought pursuant to N.J.S.A. 2A:14-2(b)(a) which states, in pertinent part: an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1), that occurred prior to the effective date of P.L.2019, c.120 (C.2A:14-2a et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.

4. In 1970 through 1972, and at all times mentioned herein, Defendant STEVAN HARNAD, was a graduate student, teaching assistant, graduate assistant, research assistant and/or student volunteer employed or engaged by Defendant, THE TRUSTEES OF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

PRINCETON UNIVERSITY as owners, managers, administrators, and operators of Princeton University.

5. From 1970 through 1972, while N.S. was a minor, Defendant, STEVAN HARNAD while on campus of Princeton University, groomed N.S., in the course of his role as a graduate student, teaching assistant, graduate assistant, research assistant and/or student volunteer with an office and classroom access, and further willfully and wantonly engaged in the psychological manipulation of her, physically assaulting her, "hypnotizing" her and other children, including her sister, engaging in seduction, sexually explicit discussions, intimate touching, sexual abuse, and/or crimes of a sexual nature. Many of these acts occurred in front of Nassau Hall, inside Defendant, STEVAN HARNAD's office and classrooms in the psychology department, in front of the Fountain of Freedom, campus cafeterias, and campus walkways on the University campus.

6. As a direct result of Defendant STEVAN HARNAD's willful and wanton conduct and actions described herein, the Plaintiff, N.S., was caused to be physically and sexually assaulted, sexually abused, and, was further caused to sustain severe and permanent emotional and psychological distress and harm.

7. Further, as Defendant HARNAD's conduct was intentional, willful, wanton, malicious, carried out with a willful disregard for the Plaintiff's safety, health and well-being, as a direct result of which Plaintiff, N.S., sustained the injuries, damages and losses set forth herein, the Plaintiff is also entitled to an award of Punitive Damages pursuant, to N.J.S.A. 2A:15-5.2 et seq. and N.J.A.C. 30:13-4.2, et seq.

WHEREFORE, Plaintiff demands judgment for compensatory and exemplary (punitive) damages against Defendant STEVAN HARNAD on this Count together with interest, attorney's fees and costs of suit.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**SECOND COUNT-THE TRUSTEES OF PRINCETON UNIVERSITY – DUTY OF A PROPERTY OWNER TO PROTECT A LICENSEE/SOCIAL GUEST AGAINST FORSEEABLE RISKS OF HARM**

1. Plaintiff, N.S., repeats and reiterates each and every allegation of the First Count as if fully set forth herein at length.

2. This action is further brought pursuant to the provisions of N.J.S.A. 2A:14-2(b)(a) which states, in pertinent part: an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1), that occurred prior to the effective date of P.L.2019, c.120 (C.2A:14-2a et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.

3. This action is further brought pursuant to the terms and provisions of and N.J.S.A. 2A:53A-7 et. seq., as amended by Senate Bill 477, which states, in pertinent part, that any nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes or its trustee, director, officer, employee, agent, servant or volunteer causing damage by a willful, wanton or grossly negligent act of commission or omission, including sexual assault **[and]** any other **[crimes]** crime of a sexual nature or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1); (b) any nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes causing damage by any negligent act resulting in the commission of sexual assault, any other crime of a sexual nature and/or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1); or (c)  any trustee, director, officer, employee, agent, servant or volunteer of a nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes causing damage by any negligent act resulting in the commission of sexual assault, any other crime of a sexual nature and/or sexual abuse as defined in section 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

of P.L.1992, c.109 (C.2A:61B-1) if the trustee, director, officer, employee, agent, servant or volunteer had a supervisory or oversight role over the person committing the act of sexual assault, other crime of a sexual nature and/or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1) shall <u>not</u> be granted immunity for such conduct, actions, inactions and/or omissions.

4. In June 1970 PRINCETON UNIVERSITY, which was owned, managed administered and operated by the Defendant the TRUSTEES OF PRINCETON UNIVERSITY, promulgated and administered a specific policy, practice, protocol and procedure to openly invite the local community, including minors, onto its premises to gather and loiter.

5. As a result of said policy, practice, protocol and procedure, Plaintiff, N.S. was induced into entering said Defendant's premises where she encountered the Defendant STEVAN HARNAD on campus.

6. Plaintiff's presence was conspicuous as she and numerous other tender-aged children were invited onto said Defendant's premises.

7. The Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY, as a result of its open invitation and inducement  to minors such as Plaintiff N.S. to enter its premises, had a duty to protect Plaintiff while she was on said premises from predators and pedophiles such as the Defendant STEVAN HARNAD; had a duty, by and through its agents, servants and employees, to recognize the red flags of crimes of a sexual nature, and, further had a duty, by and through its agents, servants and employees, to institute policies, procedures, protocols, directives and/or safety measures to ensure the protection and safety of minors, such as the Plaintiff N.S., from the crimes of a sexual nature, sexual assault and/or sexual abuse of predators and pedophiles such as the Defendant STEVAN HARNAD.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

8. The Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY breached said duties to the Plaintiff, N.S., as a result of which said Plaintiff was invited by Defendant STEVAN HARNAD, to continue to return to the Defendant TRUSTEES OF PRINCETON UNIVERSITY premises, and as a direct result of which Defendant STEVAN HARNAD engaged in the psychological manipulation of her, physically assaulting her, "hypnotizing" her and other children, including her sister, acts of seduction, sexually explicit discussions, intimate touching, and committing "red-flag" crimes of a sexual nature against Plaintiff and her sister in clear sight of Defendant the TRUSTEES OF PRINCETON UNIVERSITY staff, agents, servants and/or employees.  Such red flag behavior towards a tender-aged child occurred openly and obviously in front of Nassau Hall, inside STEVAN HARNAD's office and classrooms in the psychology department, in front of the Fountain of Freedom, campus cafeterias, and campus walkways on the premises of Defendant the TRUSTEES OF PRINCETON UNIVERSITY.

9. As a direct result of Defendant the TRUSTEES OF PRINCETON UNIVERSITY's, in their ownership, management, administration and operation of PRINCETON UNIVERSITY breaches as aforesaid, and, it's conduct and actions described herein, the Plaintiff, N.S., was caused to be physically and sexually assaulted by the Defendant STEVAN HARNAD, sexually abused by him, and, was further caused to sustain severe and permanent emotional and psychological harm and distress

10.    The Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY further engaged in willful and wanton, and,  grossly negligent conduct and omissions in its' breaches of the aforesaid duties that enabled Defendant STEVAN HARNAD to physically and

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

sexually abuse the Plaintiff, and who, as such, is further directly responsible for the injuries, damages and losses suffered by the Plaintiff, N.S., described herein.

11. Further, as Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY conduct  was intentional willful, wanton, malicious, carried out with a willful disregard for the Plaintiff's safety, health and well-being  and was further grossly negligent, as a direct result of which Plaintiff, N.S., sustained the injuries, damages and losses set forth herein, the Plaintiff is also entitled to an award of Punitive Damages pursuant, to N.J.S.A. 2A:15-5.2 et seq. and N.J.A.C. 30:13-4.2, et seq.

WHEREFORE, Plaintiff N.S. demands judgment for compensatory and exemplary (punitive) damages against the Defendant TRUSTEES OF PRINCETON UNIVERSITY as owner, manager, administrator and operator of PRINCETON UNIVERSITY on this Count, together with interest, attorney's fees and costs of suit.

**THIRD COUNT – THE TRUSTEES OF PRINCETON UNIVERSITY, JOHN DOES 1-5, ABC ENTITY 1-5 – PROPERTY OWNER'S/BUSINESS'/CONTRACTOR'S DUTY TO PROTECT INVITEES/SOCIAL GUESTS AGAINST CRIMINAL ACTIVITY, INCLUDING CRIMES OF A SEXUAL NATURE, SEXUAL ABUSE AND/OR SEXUAL ASSAULT**

1. Plaintiff N.S. repeats and reiterates each and every allegation of the prior Counts as if fully set forth herein at length.

2. At all times mentioned herein, Defendant STEVAN HARNAD was employed by and/or was an agent working for the Defendant, the TRUSTEES OF PRINCETON UNIVERSITY, as a student teacher, teaching assistant, graduate assistant, research assistant, and/or student volunteer.

3. In addition to the allegations in the prior Counts, the Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in its ownership, management, administration and operation of the Defendant PRINCETON UNIVERSITY, the Defendants JOHN DOES 1-5 (Yet

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

unidentified school safety personnel, campus safety department employees, proctors, police and administrators, and faculty who witnessed STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the PRINCETON UNIVERSITY campus,  and, the Defendants ABC ENTITY 1-5 (Yet unknown entities who provided safety, police and protections services at PRINCETON UNIVERSITY) were, or should have been, fully aware of Defendant STEVAN HARNAD's propensities for pedophilia, his inappropriate behavior towards minors openly on campus, his use of the campus facilities and offices to commit crimes of a sexual nature and his likelihood to commit sexual assaults, acts of sexual abuse, and, crimes of a sexual nature on such minor children.  In fact, said Defendants' Campus Police and/or Proctors questioned the Plaintiff, N.S., on more than one occasion about the Defendant STEVAN HARNAD's relationship with the then-minor Plaintiff, and did nothing to intervene during his ongoing grooming and abuse of the Plaintiff.

4. At all times time aforesaid, the Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY, the Defendants JOHN DOES 1-5 (Yet unidentified school safety personnel, campus safety department employees, proctors, police and administrators, and faculty who witnessed STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the PRINCETON UNIVERSITY campus, and, the Defendants ABC ENTITY 1-5 (Yet unknown entities who provided safety, police and protections services at PRINCETON UNIVERSITY) had a duty to intervene when they became aware of, or should have been aware of, his propensity for pedophilia, his inappropriate behavior towards minors openly on campus, his use of the campus facilities and offices to groom minor children and his likelihood to commit sexual assaults, acts of sexual abuse, and/or crimes of a sexual nature on such minor children.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

5.The Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY, the Defendants JANE and JOHN DOES 1-5 (Yet unidentified school safety personnel, campus safety department employees, proctors, police and administrators, and faculty who witnessed STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the PRINCETON UNIVERSITY campus, or, who had a supervisory or oversight role over Defendant STEVAN HARNAD, and who failed to take necessary precautions to prevent such crimes and abuse of the then minor Plaintiff) and the Defendants ABC ENTITY 1-5 (Yet unknown entities who provided safety, police and protections services at PRINCETON UNIVERSITY) breached said duties as a direct result of which the Plaintiff, N.S., was caused to be physically and sexually assaulted by the Defendant, STEVAN HARNAD, sexually abused by him, and, was further caused to sustain severe and permanent emotional and psychological harm and distress.

6. The Defendant, the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY, the Defendants JANE and JOHN DOES 1-5 (Yet unidentified school safety personnel, campus safety department employees, proctors, police and administrators, and faculty who witnessed STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the PRINCETON UNIVERSITY campus, and, the Defendants ABC ENTITY 1-5 (Yet unknown entities who provided safety, police and protections services at PRINCETON UNIVERSITY) further engaged in willful and wanton and grossly negligent conduct and omissions in its' breaches of the aforesaid duties that enabled Defendant, STEVAN HARNAD, to physically and sexually assault, and, sexually abuse the Plaintiff, and are therefore further directly responsible for the injuries, damages and losses suffered by the Plaintiff, N.S., herein.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

7. Further, Defendant, the TRUSTEES OF PRINCETON UNIVERSITY, in their ownership, management, administration and operation of PRINCETON UNIVERSITY, the Defendants JOHN DOES 1-5 (Yet unidentified school safety personnel, campus safety department employees, proctors, police and administrators, and faculty who witnessed STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the PRINCETON UNIVERSITY campus, and who failed to take necessary precautions to prevent such crimes and abuse of the then minor Plaintiff) and the Defendants ABC ENTITY 1-5 (Yet unknown entities who provided safety, police and protections services at PRINCETON UNIVERSITY) further engaged in conduct that was intentional, willful, wanton, malicious, carried out with a willful disregard for the Plaintiff's health, safety, and well-being and was further grossly negligent, as a direct result of which Plaintiff, N.S., sustained the injuries, damages and losses set forth herein, the Plaintiff is also entitled to an award of Punitive Damages pursuant, to N.J.S.A. 2A:15-5.2 et seq. and N.J.A.C. 30:13-4.2, et seq.

WHEREFORE, Plaintiff N.S. demands judgment for compensatory and exemplary (punitive) damages against the Defendant TRUSTEES OF PRINCETON UNIVERSITY as owner, manager, administrator and operator of PRINCETON UNIVERSITY and the Defendants JOHN DOES 1-5 (Yet unidentified school safety personnel, campus safety department employees, proctors, police and administrators, and faculty who witnessed STEVAN HARNAD's crimes of a sexual nature and/or sexual abuse of Plaintiff while on the PRINCETON UNIVERSITY campus,  and, the Defendants ABC ENTITY 1-5 (Yet unknown entities who provided safety, police and protections services at PRINCETON UNIVERSITY) on this Count, together with interest, fees and costs of suit.

**FOURTH COUNT - THE TRUSTEES OF PRINCETON UNIVERSITY AND JAMES ROE 1-5 - SCHOOL/UNIVERSITY/BUSINESS'S/SUPERVISOR'S DUTY TO PROPERLY SUPERVISE AND OVERSEE EMPLOYEES, AGENTS OR VOLUNTEERS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

1.Plaintiff N.S. and reiterates each and every allegation of the previous counts as if set forth at length herein.

2. Defendants, the TRUSTEES OF PRINCETON UNIVERSITY and JAMES ROE 1-5 (a series of fictitious names representing yet unidentified school personnel and employees who had a supervisory or oversight role over Defendant agent Harnad, and who failed to take necessary precautions to prevent such crimes and/or abuse of the then minor Plaintiff) had a duty to properly supervise Defendant Harnad and his activities on the University Campus.

3. Said Defendants the TRUSTEES OF PRINCETON UNIVERSITY and JAMES ROE 1-5 (a series of fictitious names representing yet unidentified school personnel and employees who had a supervisory or oversight role over Defendant agent Harnad, and who failed to take necessary precautions to prevent such crimes and/or abuse of the then minor Plaintiff) breached said duty, as a direct result of which the Plaintiff, N.S., was caused to be physically and sexually assaulted by the Defendant, STEVAN HARNAD, sexually abused by him, and, was further caused to sustain severe and permanent emotional and psychological harm and distress.

4. Said Defendants the TRUSTEES OF PRINCETON UNIVERSITY and JAMES ROE 1-5 (a series of fictitious names representing yet unidentified school personnel and employees who had a supervisory or oversight role over Defendant Harnad, and who failed to take necessary precautions to prevent such crimes and/or abuse of the then minor Plaintiff), in breaching the aforesaid duty, further engaged in willful and wanton and grossly negligent conduct and omissions in its' breaches that enabled Defendant, STEVAN HARNAD, to physically and sexually assault, and, sexually abuse the Plaintiff, and are therefore further directly responsible for the injuries, damages and losses suffered by the Plaintiff herein.

5. Said Defendants the TRUSTEES OF PRINCETON UNIVERSITY and JAMES ROE 1-5 (a series of fictitious names representing yet unidentified school personnel and employees

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

who had a supervisory or oversight role over Defendant agent Harnad, and who failed to take

necessary precautions to prevent such crimes and/or abuse of the then minor Plaintiff),

further engaged in conduct that was intentional, willful, wanton, malicious, carried out with

a willful disregard for the Plaintiff's health, safety, and well-being and was further grossly

negligent, as a direct result of which Plaintiff, N.S., sustained the injuries, damages and losses

set forth herein, the Plaintiff is also entitled to an award of Punitive Damages pursuant, to

N.J.S.A. 2A:15-5.2 et seq. and N.J.A.C. 30:13-4.2, et seq.

WHEREFORE, Plaintiff N.S. demands judgment for compensatory and exemplary

(punitive) damages against the Defendants TRUSTEES OF PRINCETON UNIVERSITY and

JAMES ROE 1-5 (a series of fictitious names representing yet unidentified school personnel

and employees who had a supervisory or oversight role over Defendant agent Harnad, and

who failed to take necessary precautions to prevent such crimes and/or abuse of the then

minor Plaintiff), on this Count, together with interest, fees and costs of suit.

**FIFTH COUNT – STEVAN HARNAD and THE TRUSTEES OF**
**PRINCETON UNIVERSITY – INTENTIONAL AND NEGLIGENT INFLICTION**
**OF EMOTIONAL DISTRESS**

1.Plaintiff N.S. and reiterates each and every allegation of the previous counts

as if set forth at length herein.

2. Defendant, STEVAN HARNAD, also engaged in intentional, reckless and careless

conduct so as to cause severe emotional distress to the Plaintiff, N.S., including assaulting her

in front of her sister and other children, exposing her to the embarrassment of being the

victim of crimes of a sexual nature and/or assaulted while on the Defendant, TRUSTEES OF

PRINCETON UNIVERSITY's campus, which was commented on by employees and/or agents

of the Defendant, TRUSTEES OF PRINCETON UNIVERSITY, physically and sexually

assaulting and abusing Plaintiff, having her sit on his lap, hold hands with her, "hypnotizing

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

her," and Defendant, STEVAN HARNAD's breaking and entering into her home, resulting in her ultimately screaming and his departure from the premises through a basement door.

3.  The Defendant the TRUSTEES OF PRINCETON UNIVERSITY, in its ownership, management, administration and operation of PRINCETON UNIVERSITY also engaged in intentional, reckless, and careless conduct so as to cause severe emotional distress to the Plaintiff, N.S., which conduct facilitated and enabled Defendant Harnad's behavior, conduct, physical and sexual assaults, crimes of a sexual nature and/or sexual abuse of the Plaintiff, N.S.

4.  Further, as the Defendants, STEVAN HARNAD's, and the Defendant TRUSTEES OF PRINCETON UNIVERSITY's, conduct was intentional willful, wanton, malicious, carried out with a willful disregard for the Plaintiff's safety, health and well-being  and was further grossly negligent, as a direct result of which Plaintiff, N.S., sustained the injuries, damages and losses set forth herein,  the Plaintiff is also entitled to an award of Punitive Damages pursuant, to N.J.S.A. 2A:15-5.2 et seq. and N.J.A.C. 30:13-4.2, et seq.

WHEREFORE Plaintiff demands judgment against Defendant, STEVAN HARNAD and the Defendant the TRUSTEES OF PRINCETON UNIVERSITY, individually, jointly and severally, for compensatory and exemplary (punitive) damages on this Count, together with interest, attorney's fees and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

MICHAEL B. ZERRES, ESQ., has been designated as trial counsel in the above matter.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration proceeding

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

contemplated, except as follows: one other action simultaneously filed herewith: <u>M.C. v.</u>

<u>STEVAN HARNAD, et al.</u>, D.N.J. Docket No. 3:21-cv-19819. All parties known to Plaintiffs at

this time who should have been joined in this action, have been joined.

               **BLUME, FORTE, FRIED, ZERRES &
MOLINARI**
               Attorneys for Plaintiff(s)

               ***/s/ Michael B. Zerres***

               By: _____
                    MICHAEL B. ZERRES, Esq.

DATED: April 14, 2023